Lawrence Spasojevich (LS 1029)
Aidala, Bertuna & Kamins, P.C.
*Attorney for Plaintiff*
546 5th Avenue
New York, New York 10036
Tele:   (212) 486-0011
Email: ls@aidalalaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MAURO HERNANDEZ,
*On behalf of Plaintiff and similarly situated individuals*,

                                 CASE NO.   1:22-CV-5655

                Plaintiff,      **COMPLAINT**

-against-


CORIANDER FACTORY INC.

                                 ECF Case,

                Defendant.

---

Plaintiff, MAURO HERNANDEZ, on behalf of Plaintiff and similarly situated individuals, by and through the undersigned attorney, Lawrence Spasojevich, Esq., hereby files this Complaint against Defendant, CORIANDER FACTORY INC., and states as follows:

## INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiff and similarly situated individuals are entitled to recover from Defendant: (1) unpaid wages at the overtime wage rate; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), Plaintiff and similarly situated individuals are entitled to recover from the Defendant: (1) unpaid wages at the overtime wage rate; (2) statutory penalties; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

3. Plaintiff further alleges that pursuant to FLSA § 215, Plaintiff is entitled to recover from Defendant: (1) lost wages; (2) liquidated damages; (3) prejudgment and post-judgement interest; and (4) attorney's fees and costs.

4. Plaintiff further alleges that pursuant to NYLL § 215, Plaintiff is entitled to recover from Defendant: (1) lost wages; (2) front pay; (3) liquidated damages; (4) prejudgment and post-judgment interest; (5) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337 and 1343, and has supplemental jurisdiction over Plaintiff and Plaintiff and similarly situated individuals' state law claims pursuant to 28 U.S.C. § 1367.

6. Plaintiff has provided notice of his NYLL § 215 claim to the New York State Attorney General via first-class mail.

7. Venue is proper in the SOUTHERN DISTRICT pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

8. Plaintiff, MAURO HERNANDEZ, is an adult resident of Bronx County, New York.

9. Upon information and belief, Defendant, CORIANDER FACTORY INC., is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 192 Lexington Avenue, Suite 1101, New York, NY 10013.

10. At all relevant times, Defendant, CORIANDER FACTORY INC., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiff and similarly situated individuals were directly essential to the business operated by Defendant.

12. At all relevant times, Defendant knowingly and willfully failed to pay Plaintiff and similarly situated individuals the overtime wage rate for all hours worked over forty (40) hours in a week in contravention of the FLSA and NYLL.

## STATEMENT OF FACTS

*Facts Related to Plaintiff and Similarly Situated Individuals' Overtime Claim*

13. Upon Plaintiff's recall and recollection, Plaintiff began working for Defendant on or about August 2021and remained employed by Defendant until on or about April 29, 2022.

14. Defendant, during all relevant periods, employed approximately thirty (30) employees at any given time.

15. Upon Plaintiff's recall and recollection, Defendant's compensated Plaintiff at a rate of twenty dollars ($20.00) per hour.

16. Upon Plaintiff's recall and recollection, ordinarily, he worked five (5) days per week, from Monday through Friday.

17. Upon Plaintiffs recall and recollection, ordinarily, his workday for Defendant began at 4:00 p.m. and ended at 12:00 a.m. without any breaks.

18. However, upon Plaintiff's recall and recollection, beginning on or about the start of September 2021, Defendants began assigning additional hours to Plaintiff and similarly situated individuals.

19. Upon Plaintiff's recall and recollection, approximately six (6) times per month, his ordinary shifts would be extended such that his workday was from 4:00 p.m. until 1:00 a.m; still, without any breaks.

20. Upon Plaintiff's recall and recollection, on or about the week of March 22, 2022, Plaintiff worked two thirteen (13) hour workdays.

21. Upon Plaintiff's recall and recollection, those two workdays each began at 11:00 a.m. and ended at 12:00 a.m. the following day.

22. Upon Plaintiff's recall and recollection, this practice of working extended hours continued through his date of termination.

23. Upon Plaintiff's recall and recollection, Plaintiff and similarly situated individuals would clock in at the beginning of each workday and clock out at the end of each workday.

24. Upon Plaintiff's recall and recollection, despite the fact he, and similarly situated individuals were working more than forty (40) hours in a work week, their time clocks always added up to forty (40) hours per week.

25. Upon information and belief, Defendant was intentionally altering the total hours Plaintiff and similarly situated individuals worked.

26. Upon information and belief, this was done to disguise the actual number of hours the Plaintiff and similarly situated individuals worked and to avoid paying the overtime wage for all hours worked over forty (40) hours in a week.

*Facts Related to Plaintiff's Retaliation Claim*

27. Upon Plaintiff's recall and recollection, he made several complaints to Defendant regarding Defendant's non-payment of Plaintiff's overtime hours.

28. Upon Plaintiff's recall and recollection, on or about October 2021, Plaintiff made his first complaint to Defendant. He insisted that he deserved payment for the hours beyond forty (40) he was working in given workweeks.

29. Upon Plaintiff's recall and recollection, Defendant told Plaintiff to wait, as it was working out training a new manager.

30. Upon Plaintiff's recall and recollection, Defendant never compensated Plaintiff for the unpaid hours.

31. Upon Plaintiff's recall and recollection, on or about March 2022, after not receiving payment for hours worked during Plaintiff's two thirteen (13) hour workdays during the workweek of March 22, 2022, Plaintiff complained to Defendant once again.

32. Upon Plaintiff's recall and recollection, Defendant refused to rectify the situation.

33. Upon Plaintiff's recall and recollection, on or about April 29, 2022, Plaintiff called Defendant's place of business to call out sick. He spoke to a co-worker and explained he was calling out sick.

34. Plaintiff, in the entirety of his time working for Defendant, had never called out sick.

35. Upon information and belief, the co-worker relayed the message to Defendant.

36. In turn, Defendant directed the co-worker to tell Plaintiff he was terminated and to pick up his final check on Wednesday of the following week.

37. Upon Plaintiff's recall and recollection, shortly after making his initial call to his co-worker, his co-worker called him back and relayed Defendant's message that Defendant had terminated Plaintiff, and Plaintiff could pick up his last check on Wednesday of the following week.

38. Plaintiff and similarly situated individuals were not correctly compensated wages at the overtime wage rate for all hours worked over forty (40) in a workweek.

39. Defendant knowingly and willfully operated business with a policy of not paying Plaintiff and similarly situated individuals' wages for hours worked over forty (40) hours in a week at the overtime wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

40. At all relevant times, upon information and belief, and during Plaintiff and similarly situated individuals' employment, the Defendant failed to maintain accurate and sufficient time records.

41. Defendant did not provide Plaintiff and similarly situated individuals with an accurate wage statement or summary, accurately accounting for the actual hours worked, and setting forth the hourly rate of pay and overtime wages.

42. Defendant willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

43. Plaintiff and similarly situated individuals have been substantially damaged by the Defendant' wrongful conduct.

## COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "43" of this Complaint as if fully set forth herein.

45. The Plaintiff brings this FLSA Collective action on behalf of Plaintiff and all other persons similarly situated under §16(b) of the FLSA which provides, in pertinent part, "an action to recover the liability prescribed in either the preceding sentences may be maintained against any employer … by one or more individuals for and on behalf of himself or themselves and other individuals similarly situated."

46. The Collective Class consists of all current and former non-exempt, cooks, servers, and busboys, who worked for Defendant who were not paid wages at the overtime rate when working more than forty (40) hours in a workweek.

47. Section 13 of the FLSA exempts specific categories of individuals from overtime pay obligations. None of the FLSA exemptions from overtime pay apply to the Plaintiff or Collective Members.

## COUNT 1
### [Violation of the Fair Labor Standards Act]

48. Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "47" of this Complaint as if fully set forth herein.

49. At all relevant times, upon information and belief, Defendant was/were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

50. At all relevant times, Defendant employed Plaintiff and similarly situated individuals within the meaning of the FLSA.

51. Upon information and belief, at all relevant times, Defendant has/have had gross revenues in excess of $500,000.

52. Plaintiff and similarly situated individuals were entitled to be paid for all hours worked over forty (40) hours in a week at the overtime wage rate as provided for in the FLSA.

53. Defendant failed to pay Plaintiff and similarly situated individuals' compensation in the lawful amount for all hours worked over forty (40) hours in a week as provided for in the FLSA.

54. At all relevant times, each of the Defendant had, and continue to have a policy and practice of refusing to pay Plaintiff and similarly situated individuals for all hours worked over forty (40) hours in week in a workweek at the overtime wage rate which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

55. Defendant knowingly and willfully disregarded the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff and similarly situated individuals for all hours worked over forty (40) hours in week at the overtime wage rate when they knew or should have known such was due, and that non-payment of an overtime rate would financially injure Plaintiff and similarly situated individuals.

56. Defendant have failed to make, keep, and preserve records concerning each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21l(c) and 215(a).

57. Records, if any, concerning the number of hours worked by Plaintiff and similarly situated individuals and the actual compensation paid to Plaintiff and similarly situated individuals are in the possession and custody of the Defendant. Plaintiff and similarly situated individuals intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and,

if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

58. Defendant failed to disclose or apprise Plaintiff and similarly situated individuals properly of the rights under the FLSA.

59. As a direct and proximate result of Defendant' willful disregard of the FLSA, Plaintiff and similarly situated individuals are entitled to liquidated damages under the FLSA.

60. Due to the intentional, willful, and unlawful acts of the Defendant, Plaintiff and similarly situated individuals suffered damages in an amount not presently ascertainable of unpaid wages at the overtime wage rate and an equal amount as liquidated damages, and prejudgment interest thereon.

61. Plaintiff and similarly situated individuals are entitled to an award of their reasonable attorneys' fees, costs, and expenses, under 29 U.S.C. § 216(b).

## COUNT 2
### [Violation of the New York Labor Laws]

62. Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "61" of this Complaint as if fully set forth herein.

63. The wage provisions of the NYLL apply to Defendant and protect the Plaintiff and similarly situated individuals.

64. Defendant, under their policies and practices, refused and failed to pay the earned wage at the overtime wage rate to Plaintiff and similarly situated individuals for all hours worked over forty (40) hours in a week.

65. By failing to compensate Plaintiff and similarly situated individuals a wage for all hours worked over forty (40) hours in a week at the overtime wage rate, Defendant violated Plaintiff and similarly situated individuals' statutory rights under the NYLL.

66. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a sound or reasonable basis.

67. Therefore, Defendant knowingly and willfully violated Plaintiff and similarly situated individuals' rights by failing to pay Plaintiff and similarly situated individuals' compensation for all hours worked over forty (40) hours in a week in a workweek at the overtime wage rate.

68. Due to the Defendant' NYLL violations, Plaintiff and similarly situated individuals are entitled to recover from Defendant unpaid wages at the overtime wage rate, reasonable attorneys' fees, and costs and disbursements of this action, under NYLL § 663(1) et al. and§ 198.

69. Plaintiff and similarly situated individuals also seek liquidated damages under NYLL § 663(1).

## COUNT 3
### [Failure to provide a Wage Notice]

70. Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "69" of this Complaint as if fully set forth herein.

71. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

72. Defendant has/have willfully failed to supply Plaintiff and similarly situated individuals with an accurate wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of employment.

73. Through their knowing or intentional failure to provide the Plaintiff and similarly situated individuals with the wage notice required by the NYLL, Defendant willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

74. Due to Defendant' willful violations of NYLL, Article 6, § 195(1), Plaintiff and similarly situated individuals are entitled to statutory penalties of fifty ($50.00) dollars each day that Defendant failed to provide Plaintiff and similarly situated individuals with an accurate wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

## COUNT 4
### [Failure to provide Wage Statements]

75. Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "74" of this Complaint as if fully set forth herein.

76. Defendant has/have willfully failed to supply Plaintiff and similarly situated individuals with an accurate wage statement, as required by NYLL, § 195(3).

77. Through knowingly or intentionally failing to provide the Plaintiff and similarly situated individuals with an accurate wage statement as required by the NYLL, Defendant willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

78. Due to Defendant' willful violations of NYLL, Article 6, § 195(3), Plaintiff and similarly situated individuals are entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendant failed to provide Plaintiff and similarly situated individuals with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## COUNT 5
### [Retaliation]

79. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1"-"78".

11

80.     Pursuant to NYLL § 215(1)(a) "[n]o employer or his or her agent… or any other person, shall discharge… any employee [] because such employee has made a complaint to his or her employer… that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter…."

81.     Pursuant to FLSA §215(a)(3), it is unlawful for any person to "discharge… any employee because such employee has filed any complaint…."

82.     By discharging Plaintiff following Plaintiff's complaints about non-payment of overtime wages pursuant to NYLL and FLSA § 207, Defendant violated NYLL § 215(1)(a) and FLSA §215(a)(3).

83.     The foregoing conduct, as alleged, constitutes a willful violation of the NYLL and FLSA without a good or reasonable basis.

84.     Due to Defendant's willful violations, Plaintiff is entitled to recover from Defendant, lost wages for their wrongful termination pursuant to NYLL § 215 and FLSA §215.

85.     Plaintiff also seeks front pay pursuant to NYLL § 215.

86.     Plaintiff also seeks reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and§ 198; and FLSA §216.

87.     Plaintiff also seeks liquidated damages pursuant to NYLL § 663(1) and FLSA §216.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and similarly situated individuals request that this Court grant the following relief:

(a) An award of unpaid wages at the overtime wage rate due under the FLSA;

(b) An award of liquidated damages as a result of Defendant' failure to pay wages at the overtime wage rate pursuant to 29 U.S.C. § 216;

(c) An award of unpaid wages at the overtime wage rate under the NYLL;

(d) An award of liquidated damages and statutory penalties as a result of Defendant's failure to pay wages at the overtime wage rate, failure to provide accurate wage notices, and failure to provide accurate wage statements pursuant to the NYLL;

(e) An award of front pay and lost wages, pursuant to NYLL and the FLSA due to Defendant's retaliatory, wrongful termination of Plaintiff.

(f) An award of prejudgment and post-judgment interest;

(g) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(h) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
      July 1, 2022

                                    Respectfully submitted

                                    By: *Lawrence Spasojevich*
                                        Lawrence Spasojevich (LS 1029)